**INTERNATIONAL ASSOCIATION OF MACHINISTS & AEROSPACE WORKERS, Plaintiff,**

v.

**CARIBE GENERAL ELECTRIC PRODUCTS, INC., Defendant.**

**Civ. No. 88–1757 GG.**

United States District Court, D. Puerto Rico.

July 20, 1989.

---

**116**

Nicolás Delgado Figueroa, Santurce, P.R., for plaintiff.

McConnell, Valdés, Kelley, Sifre, Griggs & Ruiz–Suria, Rossell Barrios Amy, San Juan, P.R., for defendant.

## OPINION AND ORDER

GIERBOLINI, District Judge.

On October 14, 1988 plaintiff International Association of Machinist and Aerospace Workers (IAMAW) filed an action against defendant Caribe General Products, Inc.

(Caribe General) requesting that the court order defendant to submit to arbitration for certain specified grievances. Plaintiff also seeks a declaratory judgment regarding the arbitrability of the grievances listed in the complaint. Jurisdiction is alleged under Section 301 of the Labor Management Relations Act. 29 U.S.C. § 185.

On February 22, 1989 defendant filed a motion for summary judgment. On March 20, 1989 plaintiff filed a cross motion for summary judgment. Each party has submitted a statement of uncontested facts.

*Material Facts*

The following facts are uncontroverted.

1. Plaintiff is the duly certified exclusive bargaining representative for the employees covered in Certification Number 24–RC–2922 of defendant's Palmer, Rio Grande, Puerto Rico plant as well as two shipping and receiving clerks who were included in the Palmer Bargaining Unit.

2. Defendant is a corporation formed and existing under the laws of Delaware with part of its operations located in Palmer, Rio Grande, Puerto Rico.

3. Plaintiff and defendant entered into a Collective Bargaining Agreement on September 24, 1986 which is still in effect and applies to this controversy.

4. In February 1987 defendant announced and effectuated a lay off.

5. On or about March 18, 1987 plaintiff filed Grievance No. 5–87 protesting the lay off of February, 1987 and requesting arbitration pursuant to Article XXXIV of the Collective Bargaining Agreement. Plaintiff alleged that the lay off violated Article XXIII of the Collective Bargaining Agreement in that it did not result from lack of work, but from defendant's shipment of machinery to the Dominican Republic where it could take advantage of lower labor costs.

6. On October 16, 1987 defendant refused in writing to arbitrate Grievance No. 5–87.

7. On October 28, 1987 plaintiff filed case 24CA–5677 before the National Labor Relations Board (NLRB) alleging that the defendant refused to bargain collectively in

good faith and to submit certain grievances to arbitration as provided in the collective bargaining agreement.

8. On December 30, 1987 the Acting Regional Director of the NLRB declined to issue a complaint in the matter because the defendant's conduct did not rise to the level of a violation of Section 8(a)(5) of the National Labor Relations Act, and because Article XXXIV Section 4 of the Collective Bargaining Agreement provides a mechanism for cases in which one of the parties claims a grievance is not arbitrable, namely, that the grievance shall only be arbitrable after a court finds the issue arbitrable and directs arbitration on said issue.

9. On October 14, 1988 plaintiff filed the complaint in the instant case.

*Standard for Summary Judgment*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A motion for summary judgment will be granted only "if the pleadings, depositions and answers to interrogatories, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R. Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *General Office Products v. A.M. Capen's Sons, Inc.,* 780 F.2d 1077 (1st Cir.1986). The mere existence of an alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.

Material facts are those which might affect the outcome of a suit under the governing law, while genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson, supra,* 477 U.S. at 252, 106 S.Ct. at 2512. The judge's

function is not to weigh the evidence and determine the truth of the matter, but rather to determine whether there is a genuine issue for trial. *Id.* at 250, 106 S.Ct. at 2511. There is no genuine issue for trial unless there is sufficient evidence favorable to the nonmovant for a jury to return a verdict for that party, after viewing the evidence in the light most favorable to the non-moving party, and indulging all inferences favorable to that party. *Id.* at 252, 106 S.Ct. at 2512; *see also First National Bank v. Cities Service Co.,* 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); *Oliver v. Digital Equip. Corp.,* 846 F.2d 103, 105 (1st Cir. 1988).

*The Statute of Limitations*

In its motion for summary judgment, defendant contends that this action is time-barred in that it was not brought within the six-month statute of limitations contained in the National Labor Relations Act. 29 U.S.C. § 160(b). In *Communications Workers of America v. Western Electric Co.,* 860 F.2d 1137 (1st Cir.1988), the Court of Appeals for the First Circuit held that actions to compel arbitration are governed by the six-month statute of limitations contained in the National Labor Relations Act, rather than state statute of limitations for contract actions. The statute of limitations clock is started by one of the parties unequivocal refusal to arbitrate. *Id.* at 1145.

Plaintiff argues that *Communications Workers* does not apply because the right to arbitrate is in the contract between the parties to this dispute. We fail to see how this distinguishes this contract from the contract at issue in *Communications Workers,* or any other contract which forms the basis of a suit to compel arbitration. Arbitrability is purely a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit. *AT & T Technologies, Inc. v. Communications Workers of America,* 475 U.S. 643, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986). As such, the presence of an arbitration clause, or a

clause which prohibits arbitration without the consent of both parties until a court determines that a particular dispute is arbitrable, does not alter the conclusion that this dispute is more closely analogous to suits over unfair labor practices which are directly subject to the six-month statute of limitations, rather than to breach of contract suits to which a longer statute of limitations would apply.

There is no significant dispute as to when the acts which form the basis of this dispute took place. Plaintiff states that the defendant has refused to arbitrate since August 5, 1987, while defendant states that such refusal did not occur until October 16, 1987. Since the statute of limitations issue arises in the context of defendant's motion for summary judgment, and we must view the evidence in the light most favorable to the nonmoving party, and indulge all inferences favorable to that party, *Oliver v. Digital Equip. Corp.*, 846 F.2d 103, 105 (1st Cir.1988), we shall assume that defendant's unequivocal refusal to arbitrate took place on October 16, 1987. Nevertheless, the instant action was not filed until October 14, 1988, nearly one year after defendant's refusal to arbitrate.

On March 16, 1987 plaintiff filed a grievance protesting defendant's action with the NLRB. On December 30, 1987 the NLRB dismissed the grievance because pursuant to Article XXXIV, Section 4 of the Collective Bargaining Agreement, in cases in which one of the parties claims a grievance is not arbitrable, that grievance shall only be arbitrable after a court finds the issue arbitrable and directs arbitration on said issue. We note the recent case of *Arriaga-Zayas v. International Ladies' Garment Workers' Union*, 835 F.2d 11, 14 (1st Cir.1987), in which the Court of Appeals for the First Circuit held that the filing of a grievance against an employer with the NLRB did not toll the six-month limitations period for filing an action under the National Labor Relations Act. 29 U.S.C. § 151 *et seq.* Plaintiff argues that *Arriaga-Zayas* does not apply to the case at bar. We disagree.

We see no reason why the filing of a grievance with the NLRB should toll the statute of limitations. The filing of a grievance with the NLRB is not a prerequisite to an action in this court. Moreover, the terms of the Collective Bargaining Agreement (Art. XXXIV, § 4), as recognized by the NLRB in its order of dismissal, expressly state that arbitration shall not proceed against the wishes of either party without a court order. Nevertheless, even if the filing of a grievance with the NLRB did toll the statute of limitations, the limitations period would have begun to run when the NLRB dismissed the case. The action was not filed in this court until over ten months after the case was dismissed by the NLRB, well beyond the six-month limitations period. Plaintiff's action is therefore time-barred.

Wherefore, in view of the foregoing, plaintiff's motion for summary judgment is hereby DENIED, while defendant's motion for summary judgment is hereby GRANTED. The instant action is hereby dismissed.

The Clerk shall enter judgment accordingly.

SO ORDERED.