Richards v. Durham Life            CV-93-637-B   10/4/94
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF NEW HAMPSHIRE


William F. Richards, Jr. and
Susan P. Richards

     v.                          Civil Action No. 93-637-B

Durham Life Insurance Co.


                         **O R D E R**

     The defendant, Durham Life Insurance Company, moves for

summary judgment to deny William and Susan Richards' petition for

declaratory judgment seeking reinstatement of their health and

life insurance policies and coverage for Susan's medical costs.

For the reasons that follow, I grant summary judgment in favor of

Durham Life as to Susan's claims, but not as to William's.

     In September 1991, William and Susan Richards petitioned for

declaratory judgment asking the Belknap County Superior Court to

declare that Durham Life's rescission of "certain life and health

insurance policies[1] was unjustified and improper" and was "an act

_____

     [1]  The Richards' Petition for Declaratory Judgment states
that Durham Life rescinded their life and health insurance
policies.  Durham Life does not explain whether it issued two
policies or whether the single application completed by William
Richards in August 1991 applied for both health and life coverage
from a single policy.  Because none of the parties have suggested
otherwise, I will assume that Durham Life rescinded both health
and life coverage, whether from the same or separate policies,

of bad faith."  In their prayer for relief, the Richards requested that the superior court order Durham Life to continue the policies in full force and effect, and to pay Susan's claims for health care costs.  The Richards also requested enhanced damages, reimbursement, and indemnification for costs and fees incurred in defending actions brought by Susan's health care providers, and the costs and fees associated with their declaratory judgment action.  Durham Life responded by filing a notice of removal in this court alleging that the Richards' claims were preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001 et seq., ("ERISA").  Although the Richards made no claims based on ERISA, they did not object to removal.  To date, the Richards have not amended their petition to include any ERISA claims.

## I.  <u>JURISDICTION</u>

As a preliminary matter, I must resolve a question not addressed by the parties concerning subject matter jurisdiction. Because this court cannot act in the absence of subject matter jurisdiction, I have a duty to inquire <u>sua</u> <u>sponte</u> into the

based upon the same application.

2

jurisdictional foundation of the case presented. In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988). Ordinarily, I would determine whether subject matter jurisdiction exists by addressing Durham Life's contention that the court has federal question jurisdiction pursuant to 28 U.S.C.A. § 1331 (West 1993) because the Richards' claims are preempted by ERISA. Here, however, the parties appear to be of diverse citizenship,[2] the defendant is not a citizen of New Hampshire, and the insurance policies and benefits in controversy have a value exceeding $50,000. Accordingly, irrespective of whether ERISA preempts the Richards' claims, Durham Life was entitled to remove the case to this court pursuant to 28 U.S.C.A. 1441 (West 1994) and the court has diversity of citizenship jurisdiction over the claims pursuant to 28 U.S.C.A. § 1332 (West 1993).[3]

---

[2] According to the petition for declaratory judgment, Durham Life is a North Carolina corporation, and the Richards are both residents of New Hampshire.

[3]I do not decide the preemption question because it has not been briefed. Among the myriad of issues that will have to be addressed if and when the preemption question is properly presented are (i) whether Durham Life's insurance coverage was offered as a part of an employee benefit within the meaning of ERISA; (ii) whether the Richards were "beneficiaries" of an ERISA plan; (iii) whether the Richards' cause of action relates to their employee benefit plan within the meaning of ERISA; and (iv) whether ERISA's savings clause exempts the Richards' claims. See generally Tingle v. Pacific Mut. Ins. Co., 996 F.2d 105, 107 (5th

Cir. 1993).

## II. FACTS

Summary judgment is appropriate when the pleadings, affidavits, and other appropriate materials on file reveal no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party, Durham Life in this case, bears the initial burden of showing that there is no genuine dispute concerning facts that are material to the issues raised in the pleadings. General Office Prod. Corp. v. A. M. Capen's Sons, Inc., 780 F.2d 1077, 1078 (1st Cir. 1986). In applying the summary judgment standard, I view the record in the light most favorable to the non-moving parties, the Richards, and resolve all reasonable inferences in their favor. Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988).

In that context, I summarize the pertinent facts as follows. The parties agree that the Richards applied for and received health insurance coverage through a plan offered by W. F. Richards & Son, Inc. as a participant in the "Small Business Group Insurance Trust." On August 20, 1991, William Richards completed an application for health insurance for his wife, Susan, as an employee of W. F. Richards & Son, Inc. and for himself as beneficiary. William checked the "no" boxes to answer

5

all of the questions concerning the applicants' prior medical history. Susan signed the application after William had completed the information. The Richards' application was accepted and insurance coverage was provided by Durham Life effective on December 1, 1991.

In March 1992, Susan was treated in the hospital for symptoms diagnosed as acute alcoholic hepatitis, cirrhosis and alcoholism, among other things. After the Richards submitted the medical bills for Susan's treatment in March, Durham Life conducted an investigation into Susan's medical history. As a result, Durham Life learned that Susan had been treated at Laconia Region General Hospital in 1982 for an acute anxiety depressive reaction. Her discharge summary submitted by Durham Life indicated that her depression had been successfully treated previously with Pamelor, that she was drinking slightly more heavily than previously, consuming about five cocktails in the evening, and her liver function studies indicated borderline elevation with one test showing a three fold elevation. Susan's other medical records showed that she was treated with Pamelor until 1983. The medical records include summaries of Susan's medical office visits from 1982 through 1985 and one visit in

6

1989, and the results of tests run at Lakes Region Hospital dated July 19, 1989.

## III. **DISCUSSION**

Durham Life alleged in its removal petition that the Richards' state law claims were preempted by ERISA. Rather than pursuing this argument in a motion to dismiss, however, it moves for summary judgment on the ground that state law authorized it to rescind the Richards' insurance because they made material misstatements in their joint insurance application.[4] In making this argument, Durham Life relies on a term in the Richards' insurance policy which states that "any material omission or misrepresentation about health history or status may be cause for us to decline a claim or rescind coverage."

The Richards' insurance application contains two questions that specifically require applicants to disclose certain prior

---

[4]Notwithstanding the fact that the Richards' claims are based on state law, Durham Life argues that its actions should be judged by the deferential standard of review that ERISA requires under certain circumstances. See Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). I reject this argument because this standard is simply not applicable in evaluating state law claims. If Durham Life wishes to invoke ERISA, it must first demonstrate that ERISA preempts the Richards' state law claims.

contacts with health care providers.  These questions ask:

> 1.  Have you or any of your dependents ever sought or received advice for, or treatment of or ever had any known indication of:
>     b. Persistent . . . disorder . . . of . . . liver?
>     e. Abuse of alcohol . . . ; or consultation, treatment, therapy or counseling for psychiatric illness, problem relating to personality or mental state . . . or for any other reason?
>
> 4.  Have you or any of your eligible dependents consulted a doctor . . . or other practitioner or been a patient in a hospital, clinic, sanitorium or other facility within the past 5 years?

Durham Life argues that Susan's negative answers to these questions were material misstatements entitling it to rescind her insurance coverage.  It specifically contends that (i) Susan's answers qualify as misstatements because, notwithstanding her denials, she had received extensive medical treatment within the 5 years prior to signing the application; and (ii) Susan's misstatements were material because it would have learned of her medical history and declined to insure her if she had answered the questions accurately.

The Richards do not dispute Durham Life's claims that Susan's answers to the above-quoted questions were incorrect. Nor do they challenge Durham Life's carefully documented

8

explanation for its position that it would have learned of her medical history and refused to insure her if she had answered the questions correctly. Instead, they argue that summary judgment should be denied because a genuine dispute exists as to whether Susan's statements were willfully false. The difficulty with this contention is that the materiality of a misstatement does not depend on the declarant's intentions when the misstatement was made. New Hampshire law provides that a false statement in an application for insurance "shall not bar the right to recovery thereunder, unless such false statement was made with actual intent to deceive, or unless it materially affected either the acceptance of the risk or the hazard assumed by the insurer." N.H. Rev. Stat. Ann. ("RSA") § 415:9 (1991). The test of a misrepresentation's materiality under RSA 415:9 is "'whether the statement could reasonably be considered material in affecting the insurer's decision to enter into the contract, in estimating the degree or character of the risk, or in fixing the premium thereon.'" Mutual Benefit Life Ins. Co. v. Gruette, 129 N.H. 317, 320 (1987) (quoting Taylor v. Metropolitan Life Ins. Co., 106 N.H. 455, 458 (1965)). Since the Richards have produced no evidence to challenge Durham Life's claims that their application

9

contained misstatements and that it would not have insured Susan if the misstatements had not been made, Durham Life is entitled to summary judgment on this issue.[5]

Durham Life argues, without citing any supporting authority, that if an insured's misstatements are material to the insurer's decision to cover one applicant, they are also sufficient as a matter of law to support a decision to rescind the co-applicant's insurance.  I reject this argument because I find nothing either in the applicable law or in the Richards' insurance policy that requires such a harsh result.  Thus, I deny Durham Life's motion insofar as it applies to William's claims.

## IV.  CONCLUSION

For the foregoing reasons Durham Life's motion for summary judgment (document no. 11) is granted as to Susan Richards and

---

[5]I note that I would have reached the same result if I had analyzed Susan's claim under ERISA.  See Negoski v. Country Life Ins. Co., 843 F.Supp. 372, 375 (N.D. Ill. 1993) (a misrepresentation is material under ERISA "when the representation would have affected the insurance company's decision to accept the applicant for coverage"); see also Tingle v. Pacific Mutual Life Ins. Co., 837 F. Supp. 191, 193 (W.D. La. 1993).

10

denied as to William Richards.

     SO ORDERED.


                                    _____
                                    Paul Barbadoro
                                    United States District Judge

October 4, 1994

cc:  Philip P. Bonafide, Esq.
     Scott D. McGuffin, Esq.
     Claudia Damon, Esq.