**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-1367

R.R. ISLA VERDE HOTEL CORP. and BENITO R. FERNANDEZ,

Plaintiffs, Appellants,

v.

HOWARD JOHNSON INTERNATIONAL, INC.,

Defendant, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

---

Before

Selya, Lynch and Lipez,
Circuit Judges.

---

Wallace Vázquez Sanabria on brief for appellants.
Arthur L. Pressman, Gordon M. Jones, III and Nixon Peabody,
LLP, on brief for appellee.

---

January 25, 2005

---

**Per Curiam**.  This is an appeal from the grant of summary judgment to the defendant, Howard Johnson International, Inc., in a case brought by plaintiffs R.R. Isla Verde Hotel Corp. and its sole shareholder, Benito Fernández, alleging that Howard Johnson tortiously interfered with plaintiffs' contractual arrangements with a third party, Hotel Associates, Inc., to renovate and operate a Howard Johnson hotel in San Juan, Puerto Rico.  We affirm, albeit for reasons other than those given by the district court.

DISCUSSION

A.  Summary Judgment Standards

This court reviews the district court's grant of summary judgment de novo, applying the same criteria as the district court, Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 8 (1st Cir. 2004), namely, whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law," Fed. R. Civ. P. 56(c).  The party opposing a properly supported motion for summary judgment[1] may not rest upon the mere allegations or denials of the pleadings, "but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine

_____

[1]Plaintiffs do not argue that defendant's motion was not adequately supported.

-2-

issue for trial." Fed. R. Civ. P. 56(e). If the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, . . . [t]he moving party is 'entitled to judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986) (quoting Fed. R. Civ. P. 56(c)); see also Whitman v. Miles, 387 F.3d 68, 75 (1st Cir. 2004).

B.  Tortious Interference with Contractual Relations

The parties plausibly agree that plaintiffs' tortious interference claim is governed by the law of Puerto Rico, where the allegedly tortious conduct occurred. Under Puerto Rico law, to prevail on a claim of tortious interference with a contractual relationship, a plaintiff must show: (1) a contract with which the defendant interferes, (2) tortious action by the defendant with knowledge of the contract's existence, (3) damage to the plaintiff, and (4) a causal relationship between the tortious conduct and the damage. See Gen. Office Prods. Corp. v. A.M. Capen's Sons, Inc., 780 F.2d 1077, 1081-82 (1st Cir. 1986) (citing Gen. Office Prods. Corp. v. A.M. Capen's Sons, Inc., 115 P.R. Dec. 553, 558-59 (1984)). As the Puerto Rico Supreme Court has emphasized, the first element--existence of a contract for a fixed period of time-- is "indispensable," Dolphin Int'l, Inc. v. Ryder Truck Lines, Inc., 27 P.R. Offic. Trans. 869, ___ (1991); "[i]f what is affected is . . . a profitable financial relationship where there is no contract,

the action does not lie . . . ." Gen. Office Prods. Corp, 780 F.2d at 1081.

Here, plaintiffs have stumbled on that first, essential step. The "contract" with which they allege interference is the alleged "agreement between [plaintiffs and Hotel] Associates for the development of the hotel, using the Howard Johnson's flag." However, in an attempt to reverse the entry of summary judgment on this point, plaintiffs rely solely on the allegations of the complaint, which, as discussed above, are insufficient to meet their burden under Rule 56(e). See Roger Edwards, LLC v. Fiddes & Sons, Ltd., 387 F.3d 90, 94 (1st Cir. 2004) (finding "'[c]onjectural allegations, conclusory assertions, and inconsequential evidence'" insufficient to meet opposing party's burden in defeating motion for summary judgment)(citation omitted)). Because plaintiffs have thus failed to meet their burden of demonstrating, "by materials of evidentiary quality," Acosta, 386 F.3d at 8, a genuine dispute of fact as to this essential element of their claim, we affirm the district court's entry of summary judgment on this ground, without reaching the merits of the alternative ground relied upon by the district court. See Hope Furnace Assocs., Inc. v. FDIC, 71 F.3d 39, 42 (1st Cir. 1995) (stating that appellate court is free to affirm entry of summary judgment on any independently sufficient ground).

The district court judgment is <u>summarily affirmed</u>.  <u>See</u> Loc. R. 27(c).