**Angel L. MEDINA, Plaintiff, Appellant,**

v.

**The CHASE MANHATTAN BANK, N.A., Defendant, Appellee.**

No. 83–1696.

United States Court of Appeals, First Circuit.

Argued Feb. 6, 1984.

Decided June 26, 1984.

David Efron, Hato Rey, P.R., for plaintiff, appellant.

Jay A. Garcia Gregory, San Juan, P.R., with whom Fiddler, Gonzalez & Rodriguez, San Juan, P.R., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, WISDOM,* Senior Circuit Judge, and BREYER, Circuit Judge.

WISDOM, Senior Circuit Judge.

Angel Medina appeals from the district court's order dismissing his lawsuit on the ground of res judicata. We affirm and award double costs to the defendant.

On January 8, 1982, Medina filed a wrongful discharge suit against his former employer, the Chase Manhattan Bank (Bank), in the Superior Court of Puerto Rico. The Bank answered the complaint on February 11 and deposed Medina on April

* Of the Fifth Circuit, sitting by designation.

7. On July 9, Medina filed a motion for voluntary dismissal without prejudice, presumably under Rule 39.1 of the 1979 Rules of Civil Procedure of Puerto Rico. The Bank opposed the motion and asked the court to dismiss *with* prejudice. On July 13 the court issued an order stating (our translation):

> "Having considered the petition for voluntary dismissal formulated by the plaintiff, the Court gives its approval. By virtue of this, Judgment is entered dismissing with prejudice the present case."

On August 5 Medina filed a motion to withdraw his previous request for voluntary dismissal. In this motion Medina emphasized that the previous motion had asked for dismissal without prejudice, and he argued that dismissal with prejudice was inappropriate. On August 16 the court denied the withdrawal motion without comment. Medina petitioned for review by the Supreme Court of Puerto Rico, but this was denied on September 15; reconsideration was denied on October 7.

Medina moved to Florida and filed the present lawsuit in federal court on December 20, 1982. In all material respects the complaint is identical with that in the previous case, except for the allegation of diversity jurisdiction. The Bank raised the defense of res judicata in its answer, filed on January 27, 1983. The case was referred to the magistrate, who recommended that the case be dismissed on res judicata grounds. On July 29, 1983 the district court approved the magistrate's report and granted the Bank's motion for summary judgment.

■ This Court must give full faith and credit to the judgments of the courts of Puerto Rico. 28 U.S.C. § 1738 (1982). "Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982) (footnote omitted). We therefore look to Puerto Rican law to determine if the Superior Court's dismissal constitutes res judicata. *General Foods v. Massachusetts Department of Health,* 648 F.2d 784, 786–87 (1st Cir.1981); *Rodriguez v. Baldrich,* 628 F.2d 691, 693 (1st Cir. 1980). Article 1204 of the Civil Code, 31 L.R.P.A. § 3343, requires "the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such." *See Pagan Hernandez v. Universidad de Puerto Rico,* 107 D.P.R. 720, 731–732 (1978); *Bolker v. Superior Court,* 82 P.R.R. 785, 792 (1961). There is no dispute that the suits are identical, however; rather the dispute is whether the Superior Court's dismissal constitutes a judgment from which a presumption of res judicata can arise.

The plaintiff argues that res judicata could not arise because the Superior Court's dismissal was not a decision on the merits. This argument is wholly without foundation. In *Bolker* the Supreme Court of Puerto Rico stated,

> "The general rule is that, in the absence of a statutory provision or rule of procedure, a judgment dismissing a complaint for abandonment or want of prosecution does not estop plaintiff from prosecuting another suit on the same cause. This proposition is derived from the general principles which requires [sic] adjudication upon the merits in order that the defense of res judicata shall prosper."

82 P.R.R. at 798. Rule 39.1 explicitly overrides that general principle and empowers the district court to order that a voluntary dismissal have the effect of a dismissal on the merits. The Puerto Rico and federal courts have consistently recognized the res judicata effect of involuntary dismissals rendered under Rule 39.2 and its predecessors. *See, e.g., Nesglo, Inc. v. Chase Manhattan Bank, N.A.,* 562 F.Supp. 1029, 1035–38 (D.P.R.1983), *aff'd mem.,* No. 81–1097 (1st Cir. Mar. 4, 1983); *Souchet v. Cosió,* 83 P.R.R. 730, 733–36 (1961); *see Pérez v. Bauzá,* 83 P.R.R. 213, 217–18 (1961); *cf. Rodriguez v. Baldrich,* 628 F.2d 691, 693 (1st Cir.1980), *on remand,* 508 F.Supp. 614, 615–617 (D.P.R.1981) (dismiss-

al for failure to comply with Rule 69); *Bram v. Gateway Plaza, Inc.,* 103 D.P.R. 716 (1975) (same). Rule 39.2(c) provides that an involuntary dismissal operates as an adjudication on the merits unless the court provides otherwise. For voluntary dismissals, governed by Rule 39.1, the presumption is reversed: Rule 39.1(b) provides,

> "Except as provided by Rule 39.1(a), an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice."

It is clear, however, that the court *may* order that dismissal be with prejudice. In *de la Matta v. Carreras,* 92 P.R.R. 83 (1965), the court explained the different kinds of voluntary dismissal contemplated by Rule 39.1 of the 1958 Rules of Civil Procedure. (The 1958 rule differs from the present rule only in immaterial respects.) The court first observed that Rule 39.1(a) permits a plaintiff to dismiss an action without court approval, and without prejudice, if the defendant has not yet filed an answer or a motion for summary judgment, or if the defendant agrees. The reason, the Court explained, is that in such a case the defendant is not prejudiced, either because it has not yet incurred any expenses or because it has voluntarily agreed to nonprejudicial dismissal. Rule 39.1(a) provides that such a dismissal is *with* prejudice if the plaintiff has previously dismissed the same action. 92 P.R.R. at 90–91. This is because the defendant and the courts are harmed if a plaintiff is permitted to file and dismiss a series of identical lawsuits. *Cf.* C. Wright & A. Miller, 9 Federal Practice and Procedure § 2368 (1971) (explaining similar provision in Fed. R.Civ.P. 41(a)(1)). Rule 39.1(b) requires court approval of *all* voluntary dismissals not covered by Rule 39.1(a). In *de la Matta* the Court stated,

> "[I]t would not be logical to assume that plaintiff's right of dismissal is always without prejudice.... [I]n this case, plaintiff's right of dismissal is not absolute .... [T]he unanimous view of other courts and textbook writers is that the allowance of a motion to dismiss under federal Rule 41(a)(2), 39.1(b) ours, is not a matter of absolute right of plaintiff; that it is discretionary with the court upon such terms and conditions as the court deems proper. This being so, it is not difficult to conclude that the condition that the dismissal be with prejudice, may be one of the conditions imposed by judicial discretion."

92 P.R.R. at 92. There is therefore no doubt that the Superior Court had the power to order prejudicial dismissal of Medina's action. Since the order explicitly specified that dismissal was with prejudice, the presumption embodied in the last sentence of Rule 39.1(b) was overridden.

■ Medina argues that prejudicial dismissal was erroneous under the Rule, and was a "miscarriage of justice". Medina has misstated the facts. Contrary to the assertions in Medina's brief, the Bank had filed an answer and had deposed Medina before Medina moved for dismissal. Dismissal could therefore be obtained only with court approval. The court could reasonably have concluded that if Medina were allowed to start again, the Bank would be prejudiced. The Court clearly had the *power* to make this decision. Whether the court *ought* to have done so is not a matter for collateral review. A final judgment does not lose its res judicata effect simply because another court might consider the decision erroneous. *Bolker,* 82 P.R.R. at 800. " '[T]he res judicata is not grounded in the judge's claim of infallibility, and much less on the intention of hiding his errors', since the rule of res judicata is one of fundamental and substantial justice, attended by public interest and directed to maintain private peace, ... and to avoid the perpetuation of judicial controversies, and it is grounded on the convenience of recognizing the dignity to which the judgments of courts are entitled." *Id.* (citations omitted), quoting Manresa y Novarro, Código Civil Espanõl, Tome 8, Vol. 2,

at 225 (5th ed. 1950); *accord Rodriguez v. Baldrich*, 508 F.Supp. at 617; *Pagán Hernández*, 107 D.P.R. at 732. We have no reason to give credence to Medina's assertion that the Superior Court entered its order because of "an unintentional mistake by the Court, or a secretary's typo." The Bank had specifically asked for dismissal with prejudice. Medina filed a withdrawal motion before the Superior Court and two revision petitions before the Puerto Rico Supreme Court; these motions would have alerted the courts to any "unintentional mistake." It may seem surprising that the Superior Court ordered dismissal with prejudice, without affording Medina the option of proceeding with the lawsuit. But if this order was wrong, Medina's recourse was to file a timely petition for reconsideration. Under Rule 47 Medina had 15 days to do so; his withdrawal motion was filed 23 days after judgment was entered and was therefore untimely.

■ Puerto Rican law recognizes a number of exceptions to the doctrine of res judicata. A judgment may be without res judicata effect where: (1) the judgment was rendered pursuant to an invalid acceptance of the claim by the defendant; (2) the court was without jurisdiction to enter the judgment; (3) an attempt to appeal was unsuccessful through no fault of the plaintiff; (4) there is fraud; (5) there is a miscarriage of justice; or (6) public policy demands an exception to res judicata. *See Rodriguez*, 508 F.Supp. at 617 & n. 4; *Pagán Hernández*, 107 D.P.R. at 736 & n. 6. The first four exceptions clearly do not apply. We have already explained that there was no "miscarriage of justice". This leaves the "public policy" exception. The leading cases on that exception are *Pérez v. Bauzá*, 83 P.R.R. 213 (1961), and *Millán v. Caribe Motors Corp.*, 83 P.R.R. 474 (1961). In *Pérez* the Court refused to apply res judicata to bar a filiation (paternity) suit after a previous suit, brought by the mother on behalf of the child, was dismissed for lack of prosecution. The Court emphasized that the action of filiation is vested with "a great public interest" and that the child should not be penalized for the mother's lack of diligence. 83 P.R.R. at 219-20. The Court said that "the courts have refused to apply rigidly the defense of res judicata if in so doing it defeats the ends of justice, especially if reasons of public policy are involved." *Id.* at 218. In *Millán* the Court permitted a plaintiff to recover damages in a suit for rescission of a conditional sales contract for a truck. The Court held that a previous judgment, authorizing the vendor to repossess the truck, did not constitute res judicata. The Court noted that the contract was voidable because it violated the Puerto Rico Conditional Sales Act, that the buyer had been defrauded, and that the first judgment was issued in a special, summary proceeding for repossession. 83 P.R.R. at 480-81. The Court held that res judicata did not arise because the action for rescission was a different cause of action from the repossession proceeding. *Id.* at 487.

■ In the present case, the magistrate concluded that the courts of Puerto Rico would not apply the "public policy" exception. We agree. This case has none of the elements that were important in *Pérez* and *Millán*. In particular, we note that the present suit is brought by the same plaintiff, and the same attorney, as the previous suit, and that the previous judgment was rendered in an ordinary civil proceeding. As the magistrate noted, "public policy" also includes an interest in finality and efficiency. *See, e.g., Mercado Riera v. Mercado Riera*, 100 P.R.R. 939, 952–54 (1972); *Bolker*, 82 P.R.R. at 80; *accord Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 400–402, 101 S.Ct. 2424, 2428–2430, 69 L.Ed.2d 103 (1981). We are not persuaded that the magistrate, and the district judge who accepted his recommendations, erred in their interpretation of this question of Puerto Rican law. *See Diaz-Buxo v. Trias Monge*, 593 F.2d 153, 156–57 (1st Cir.), *cert. denied*, 444 U.S. 833, 100 S.Ct. 64, 62 L.Ed.2d 42 (1979); *Berrios Rivera v. British Ropes, Ltd.*, 575 F.2d 966, 970 (1st Cir.1978).

■ The only other way for Medina to escape res judicata is to show that he was denied due process in the previous proceeding. "A state may not grant preclusive effect to a constitutionally infirm judgment." *Kremer*, 456 U.S. at 482, 102 S.Ct. at 1898 (footnote omitted). Medina has not shown that he was denied the "full and fair opportunity to litigate" that the due process clause requires, *id.* at 483 n. 24, 102 S.Ct. at 1898 n. 24. If Medina did not get his day in court, this was because of his own failure, and that of his attorney, to file a timely petition for reconsideration of the Superior Court's judgment. "The fact that [the plaintiff] failed to avail himself of the full procedures provided by state law does not constitute a sign of their inadequacy." *Id.* at 485, 102 S.Ct. at 1899.

■ The Bank has requested us to assess punitive sanctions on the ground that this appeal is frivolous. 28 U.S.C. § 1912 (1982); Fed.R.App.P. 38, 39. In the light of the Superior Court's explicit order, authorized by Rule 39.1(b), that dismissal be "with prejudice", the plaintiff's argument that res judicata could not attach was plainly frivolous. The boundaries of the "public policy" exception, however, are not precisely defined. For this reason we cannot say that the plaintiff's appeal was brought "in bad faith, vexatiously, wantonly, or for oppressive reasons", *Cordeco Development Corp. v. Santiago Vasquez*, 539 F.2d 256, 262 (1st Cir.), *cert. denied*, 429 U.S. 978, 97 S.Ct. 488, 50 L.Ed.2d 586 (1976). Attorney fees are therefore inappropriate. *Id.* at 262–63. We hold, however, that punitive sanctions are appropriate in view of the misstatements and misrepresentations contained in the plaintiff's appellate brief. The brief states that the Bank had not filed an answer in the first lawsuit. This is incorrect and directly contradicts the magistrate's findings. The brief also fails to mention that the Bank opposed the motion for voluntary dismissal and that the Bank asked for prejudicial dismissal. This omission permitted the plaintiff to assert that the Superior Court's order "could not have been intentional". The brief asserts further that "[p]laintiff was more than diligent in his ... request to withdraw" the motion for voluntary dismissal, but does not mention the fifteen day time limit of Rule 47 or cite any authority to suggest that a different time limit was applicable. A lawyer must of course represent his client with zeal, but he may not indulge in "tricks of advocacy ... to lend apparent substance to [his] position." *Griffin Wellpoint Corp. v. Munro-Langstroth, Inc.*, 269 F.2d 64, 67 (1st Cir.1959). We therefore award double costs. *Id.* at 67–68.

The judgment is AFFIRMED with double costs on this appeal to be recovered by the appellee Chase Manhattan Bank.