**ARECIBO RADIO CORPORATION, et al., Plaintiffs, Appellants,**

v.

**COMMONWEALTH OF PUERTO RICO, et al., Defendants, Appellees.**

No. 86–1840.

United States Court of Appeals, First Circuit.

Argued Feb. 2, 1987.

Decided Aug. 3, 1987.

James D. Noel III with whom Ledesma, Palou & Miranda, Hato Rey, P.R., was on brief, for appellants.

Rafael Escalera with whom Hector Reichard de Cardona and Lasa, Escalera & Reichard, San Juan, P.R., were on brief, for appellees Elina Figueroa, Enid Cabrera, Maelmar Cabrera, Mayra Cabrera, Jose Cabrera and Hector Reichard.

Reina Colon de Rodriguez, Asst. Sol. Gen., with whom Rafael Ortiz Carrion, Sol. Gen., and Norma Cotti Cruz, Deputy Sol. Gen., San Juan, P.R., were on brief, for appellees Com. of Puerto Rico and Luis Raul Cruz Jimenez.

Before COFFIN, Circuit Judge, WISDOM,* Senior Circuit Judge, and TORRUELLA, Circuit Judge.

WISDOM, Senior Circuit Judge:

This appeal from the Federal District Court of the District of Puerto Rico presents another attempt to avoid the consequences of a default judgment in a state commonwealth court. The plaintiffs in this case were defendants in a Puerto Rico Superior Court suit to collect on notes and mortgages that they executed. Originally, they chose not to defend the action and allowed a default judgment to be entered against them. Later, they decided to move to vacate the judgment on procedural grounds. They were unsuccessful. Next, they filed their own complaint in Superior Court, added the Superior Court judge as a defendant, and sought to attack collaterally the earlier judgment on procedural and due process grounds. Again they were unsuccessful. Unawed by the failure of their cause in the courts of the Commonwealth, they proceeded to the federal district court seeking declaratory and injunctive relief from the "unconstitutional" Superior Court judgments. The district court dismissed their suit. We affirm, holding that their federal suit is barred by the preclusive effect of the prior judgments of the Superior Court.[1]

## I.

This case began with the filing of a collection and foreclosure suit in the Superior Court of Puerto Rico. The plaintiffs in that action, Manuel Cabrera, Jose Cabrera, and Hector Reichard, sought to collect on promissary notes and to enforce the mortgages that secured those notes against the defendants, Arecibo Radio Corporation, A.E.C. Holding Corporation, Pablo Llerandi Alum, and Carmen Phipps de Llerandi. The defendants did not answer and the court entered a default judgment on October 21, 1983.

The property subject to the mortgages included all the movable property of the Arecibo Radio Corporation, which operated radio stations WNIK–AM and WNIK–FM. The chief asset of the corporation was its radio license. Because the Federal Communications Commission has sole authority over the transfer of that license, the Superior Court could not order a judicial sale of the license to satisfy the mortgages. Therefore, the Superior Court entered its order of March 19, 1984, directing the defendants to execute a request to the F.C.C. for transfer of the license. When the defendants did not comply, the marshal executed the request according to the court's order.

On April 23, 1984, the defendants filed a motion to vacate the default judgment and the order of March 19, 1984. They raised several alleged improprieties: improper service of the original complaint; improper notice of the default judgment; the grant of relief beyond that requested in the complaint; and the execution of a request for a license transfer contrary to F.C.C. regulations. The court found no merit in these

---

* Of the Fifth Circuit, sitting by designation.

**1.** The term "preclusion" is replacing the usage of "res judicata" to describe the effects of former adjudication. Res judicata is often used as a collective reference for two types of preclusion: "issue" and "claim" preclusion. Issue preclusion refers to the foreclosure of a specific issue that has been previously litigated and decided. This effect is often called "collateral estoppel." Claim preclusion refers to the foreclosure of all issues that could have been, but were not, raised in an earlier suit. Res judicata is sometimes used in a narrow sense to mean claim preclusion. *See Migra v. Warren City School District Board of Education,* 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56, 59 n. 1 (1984).

challenges and denied the motion by its order of May 9, 1984.

On November 25, 1985, the defendants in the original action filed their own complaint in Superior Court, naming as defendants the Superior Court judge and the plaintiffs in the original action. The complaint sought to nullify the order of March 19, 1984, alleging that the order went beyond the scope of relief requested in the original action, was an impermissible exercise of the F.C.C.'s exclusive jurisdiction, and constituted a taking of property without due process of law. The court dismissed the complaint on January 15, 1986, finding that the order did not usurp the exclusive jurisdiction of the F.C.C.[2] and that res judicata barred further litigation over the validity of the order or the judgment from which it arose because the matter had been finally adjudicated upon the issuance of the May 9, 1984 order denying the motion to vacate the original judgment. A petition for review of this dismissal was denied by the Supreme Court of Puerto Rico. The plaintiffs did not seek review in the United States Supreme Court.

Undaunted, the defendants-turned-plaintiffs filed another complaint in United States District Court for the District of Puerto Rico. They named the same defendants as they did in their Superior Court suit: the plaintiffs in the original collection suit and the Superior Court judge. The complaint sought a declaration that the default judgment and the order of March 19, 1984 were null and void; a declaration that Rule 51 of the Puerto Rico Rules of Civil Procedure is unconstitutional;[3] and an injunction preventing further proceedings in the Superior Court. The district court dismissed the action on several grounds.[4] Unwilling to accept defeat, they appeal to this Court.

## II.

Section 1738 of title 28 of the United States Code provides:

> The ... judicial proceedings of any court of any ... State, Territory or Possession ... shall have the same full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

The meaning of this statute is clear: "Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged."[5] Its effect is not diminished merely because the plaintiff seeks to vindicate federal constitutional rights. In *Allen v. McCurry*,[6] the Supreme Court held that section 1738 bars a section 1983 action in federal court when the issues in that suit were adjudicated in an earlier state court proceeding. The possibility that a later section 1983 action could proceed on issues not determined in state court was foreclosed in *Migra v. Warren City School District Board of Education*.[7] The Court held that section 1738

---

**2.** By this time, the F.C.C. had approved the license transfer. In its order, it ruled also that the Superior Court's order was a "fair accommodation between its exclusive authority over licensing matters and the authority of state and local courts" and that "the court did not infringe federal licensing responsibilities in any way." In re Applications of Arecibo Radio Corp., Hato Abajo Development Corp., F.C.C. No. 85–462, memo. op. at 4–5 (August 13, 1985). The ruling of the F.C.C. is not contested in this appeal.

**3.** Rule 51 provides the procedures for execution of judgments in Puerto Rico courts.

**4.** Its order indicates the following grounds as support: judicial immunity; *Younger v. Harris;* and the *Rooker-Feldman* doctrine. We need not discuss these grounds because we base our decision solely on preclusion. Preclusion was raised by the defendants below and we may affirm on that basis, even though it was not specifically addressed by the district court. *Roy v. City of Augusta*, 712 F.2d 1517, 1520 n. 3 (1st Cir.1983).

**5.** *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262, 270 (1982).

**6.** 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980).

**7.** 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984).

requires a federal court to give full preclusive effect to state court judgments over both issues and claims and that section 1983 creates no exception to this rule.[8] The holdings of *Allen* and *Migra* conform to the rule long followed in this Circuit that "the Civil Rights Act is not a vehicle for collateral attack upon final state court judgments, and that a writ of certiorari to the United States Supreme Court is the only method by which such a decision may be reviewed."[9]

The Puerto Rican law of preclusion is set forth by statute:

In order that the presumption of res adjudicata may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.[10]

Although the statute requires "perfect identity" between the actions, courts have not given this term a literal interpretation. Res judicata applies even though the parties differ, as long as the real parties in interest are the same.[11] Moreover, res judicata operates to preclude whole claims, even if the later claim raises issues not raised in the earlier proceeding.[12] The only generally recognized exception to res judicata occurs when the litigant was denied a "full and fair opportunity to litigate" his claims in the earlier proceeding; in this situation, application of res judicata would violate due process of law.[13]

Applying these principles to the case before us, we begin by stating the obvious: the present suit is nothing more than another attempt—the third at this point—of the aggrieved litigants to deny their liability under state law upon the promissary notes and mortgages that they executed. In their first attempt, by motion to vacate the default judgment, they challenged the sufficiency of their notice, the jurisdiction of the court to grant relief allegedly beyond the scope of the complaint, and the jurisdiction of the court to order a license transfer request. The court heard their arguments and rejected them. They cannot seriously argue that they did not have a fair opportunity to litigate those defenses or to raise any other defenses whether based on state or federal law. In their second attempt, by separate complaint, they raised the identical issues decided against them earlier. The only wrinkle in this second challenge was the added allegation that the improprieties in the original action violated their rights to due process. The court considered their arguments and rejected them.

At this point, these aggrieved litigants cannot come into the district court hoping for a better result. The district court is bound, under § 1738, to give full preclusive effect to the judgments of the Superior Court of Puerto Rico. Indeed, it is hard to imagine a case that more strongly calls for preclusion. We are faced, not only with one state court judgment rejecting the challenges of the plaintiffs herein, but with a *second state court judgment holding that the first is res judicata against them.* Even if we were inclined to deny preclusive effect to the first judgmert, we must give preclusive effect to the second. The princi-

---

8. *Id.* at 80–85, 104 S.Ct. at 896–98, 79 L.Ed.2d a 61–64.

9. *Bricker v. Crane,* 468 F.2d 1228, 1231 (1st Cir.1972) (citation omitted), *cert. denied,* 410 U.S. 930, 93 S.Ct. 1368, 35 L.Ed.2d 592 (1973); *accord Roy v. City of Augusta,* 712 F.2d 1517, 1520 (1st Cir.1983); *Isaac v. Schwartz,* 706 F.2d 15, 16 (1st Cir.1983); *Landrigan v. City of Warwick,* 628 F.2d 736, 741 (1st Cir.1980); *Sylvander v. New England Home for Little Wanderers,* 584 F.2d 1103, 1108 (1st Cir.1978); *Lovely v. Laliberte,* 498 F.2d 1261, 1263 (1st Cir.), *cert. denied,* 419 U.S. 1038, 95 S.Ct. 526, 42 L.Ed.2d 316 (1974).

10. P.R.Laws Ann. tit. 31, § 3343 (1968).

11. *See Futura Development Corp. v. Centex Corp.,* 761 F.2d 33, 43–44 (1st Cir.) (applying Puerto Rico law), *cert. denied,* 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 121 (1985).

12. *Id.* at 44–45; *Figueroa v. Banco de San Juan,* 108 D.P.R. 680, 687 (1979); *Mercado Riera v. Mercado Riera,* 100 D.P.R. 940 (1972).

13. *Allen,* 449 U.S. at 101, 101 S.Ct. at 418, 66 L.Ed.2d at 317; *Medina v. Chase Manhattan Bank, N.A.,* 737 F.2d 140, 145 (1st Cir.1984).

ples of preclusion statutorily mandated by section 1738 preclude our review of the second judgment, "even if we believed that the [court's] decision was unconstitutional on its face." [14] The power of review is left to the United States Supreme Court. The district court had no choice but to dismiss the complaint.

In sum, the plaintiffs here can not escape the conclusiveness of the state proceedings against them. In the federal structure of our judicial system, both federal and state courts are entrusted with the duty of adjudicating constitutional claims. Congress has vested review of state court resolution of those claims in the United States Supreme Court, not in the district courts. District courts are bound to respect state court decisions.

The judgment of the district court is AFFIRMED.

---

**14.** *Bergeron v. Estate of Loeb*, 777 F.2d 792, 795 (1st Cir.1985), *cert. denied,* — U.S. ——, 106 S.Ct. 1517, 89 L.Ed.2d 915 (1986). We should note that the plaintiffs have not alleged any procedural deficiencies in the second proceeding.