**Sara M. Caraballo ROCCA, Plaintiff,**

v.

**ROYAL BANK OF CANADA, P.R. INC., Defendant.**

Civ. No. 89-0521 GG.

United States District Court, D. Puerto Rico.

Sept. 15, 1989.

Jesús M. Rivera Arvelo, San Juan, P.R., for plaintiff.

Brown, Newson & Córdova, Hato Rey, P.R., for defendant.

OPINION AND ORDER

GIERBOLINI, District Judge.

In this action plaintiff Sara M. Caraballo Rocca seeks the annulment of a state court judgment as well as injunctive and declaratory relief. Plaintiff alleges that a judgment entered against her in a Court of the Commonwealth of Puerto Rico in a foreclosure action is invalid since she was not provided counsel during the proceedings which took place while she was incarcerated. Pending before us is a motion for summary judgment filed on June 26, 1989 by defendant Royal Bank of Canada, P.R., Inc. (Royal Bank). Defendant also seeks sanctions against plaintiff under Rule 11 of

the Federal Rules of Civil Procedure. Plaintiff has filed an opposition.

*Applicable Law*

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A motion for summary judgment will be granted only "if there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *General Office Products v. A.M. Capen's Sons, Inc.,* 780 F.2d 1077 (1st Cir.1986). We must view the evidence in the light most favorable to the nonmoving party, and must indulge all inferences favorable to that party. *Oliver v. Digital Equip. Corp.,* 846 F.2d 103, 105 (1st Cir.1988).

The party who moves for summary judgment bears the burden of showing that there is no genuine dispute concerning facts which are material to the issues raised in the pleadings. *Emery v. Merrimack Valley Wood Products, Inc.,* 701 F.2d 985, 991 (1st Cir.1983). The nonmoving party cannot defeat summary judgment by mere allegations but must bring "sufficient evidence supporting the claimed factual dispute ... to require a jury or judge to resolve the parties' differing versions of the truth at trial." *A.M. Capen's Sons, Inc., supra,* 780 F.2d at 1078 (quoting *First National Bank v. Cities Service Co.,* 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)). The burden is on both parties to file necessary materials to support their claims for and against summary judgment. Fed.R.Civ.P. 56(e); *Stepanischen v. Merchants Dispatch Transp. Corp.,* 722 F.2d 922, 930 (1st Cir.1983).

*Material Facts*

A mortgage foreclosure action was brought by defendant Royal Bank (formerly Banco de San Juan) against plaintiff Caraballo in the Superior Court of Puerto Rico, San Juan Section (Civil No. 86–3016 (807)). Plaintiff had guaranteed payment of a $40,000 mortgage note by a first mortgage encumbering her real property described as:

> URBAN: Lot located at Hillside Residential Development, located in the Caimito Ward of Rio Piedras, Puerto Rico, with the number two of block "C" with a superficial area of three hundred thirty two square meters with forty two centimeters abutting on the NORTH with lot 1 at a distance of twenty three meters; on the SOUTH, with lot three, at a distance of twenty three meters, on the EAST with "2 A" street, at a distance of fifteen meters and thirty one centimeters; and on the WEST, with lots fifteen and sixteen at a distance of thirteen meters and forty nine centimeters.

Defendant's Exhibit A.

The court determined that a contract existed between plaintiff and defendant whereby plaintiff expressly bound herself to comply with the terms of the mortgage. The court found that plaintiff Caraballo had failed to comply with the terms of the mortgage and that the total amount was therefore due. In granting summary judgment for Royal Bank on June 6, 1988, the Superior Court ordered Caraballo to pay Royal Bank the principal amount of $39,289.54 plus interest at a rate of 9½% annually, plus costs and attorneys fees of $4000. The court also ordered the foreclosure of the mortgage and public sale of the property if Caraballo failed to satisfy the judgment. The court rejected Caraballo's affirmative defense that a previous lawsuit by Royal Bank which had allegedly been resolved in her favor precluded the bank from filing the claim. The court also rejected Caraballo's request that the proceeding be postponed since she was without counsel as a result of her confinement in a correctional institution.

On December 12, 1988 the Superior Court ordered the sale of the property in a public auction and the property was sold. On March 17, 1989 the court ordered the

payment of $53,661.14 to Royal Bank from the proceeds of the sale of the aforementioned property. This action was filed by plaintiff on April 18, 1989.

*Res Judicata*

Plaintiff Caraballo alleges that the Superior Court judgment is invalid because she was not provided with adequate representation while she was incarcerated. Defendant Royal Bank contends that this action is precluded by the doctrine of *res judicata* because of the prior local action between the same parties. Defendant is correct.

■ This court must give full faith and credit to the judgments of the courts of Puerto Rico. 28 U.S.C. § 1738 (1982). "Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982). We therefore look to Puerto Rican law to determine if the Superior Court's judgment constitutes *res judicata. See General Foods Corp. v. Massachusetts Dep't of Public Health*, 648 F.2d 784, 786–87 (1st Cir.1981).

The Puerto Rican law of preclusion is set forth by statute:

In order that the presumption of *res judicata* may be valid in another suit, it is necessary that, between the case decided by the sentence and that in which the same is invoked, there be the most perfect identity between the things, causes, and persons of the litigants, and their capacity as such.

P.R.Laws Ann. tit. 31, § 3343 (1968).

Although the statute requires "perfect identity" between the actions, courts have not given this term a literal interpretation. *See Futura Dev. Corp. v. Centex Corp.*, 761 F.2d 33, 43–44 (1st Cir.), *cert denied*, 474 U.S. 850, 106 S.Ct. 147, 88 L.Ed.2d 121 (1985). *Res judicata* operates to exclude whole claims, even if the later claim raises issues not raised in the earlier proceeding, *see Arecibo Radio Corp. v. Puerto Rico*, 825 F.2d 589, 592 (1st Cir.1987), and, in particular, all matters which might have been decided in the earlier proceeding. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981).

■ The exact grounds on which plaintiff rests her claim to be immune from *res judicata* are not clear from the pleadings and briefs. Nevertheless, we note that Puerto Rico law recognizes a number of exceptions to the doctrine of *res judicata. See Medina v. Chase Manhattan Bank, N.A.*, 737 F.2d 140, 145 (1st Cir.1984). *Res judicata* may not apply to a judgment when: (1) the judgment was rendered pursuant to an invalid acceptance of the claim by the defendant; (2) the court was without jurisdiction to enter the judgment; (3) an attempt to appeal was unsuccessful through no fault of the plaintiff; (4) there is fraud; (5) there is a miscarriage of justice; or (6) public policy demands an exception to *res judicata. Id.* Plaintiff has not alleged that any of the first four exceptions apply. We find no miscarriage or justice in granting *res judicata* effect to a Superior Court decision which merely carries out the terms of a mortgage contract. Nor do we find any public policy reasons to upset the apple cart. Public policy includes an interest in finality and efficiency, *id.* (and cases cited therein), manifested in this action, which has dragged on in one form or another for almost a decade. Brief for defendant at 1–3.

■ Plaintiff's only other potential key to the courthouse door is to show that she was denied due process in the previous proceeding. "A state may not grant preclusive effect to a constitutionally infirm judgment." *Kremer, supra*, 456 U.S. at 482, 102 S.Ct. at 1898. Yet, plaintiff has not demonstrated that she was denied a full and fair opportunity to litigate, guaranteed by the due process clause. Although plaintiff alleges that she was denied a right to counsel because of her incarceration, there is generally no right to counsel in civil cases. *See Lassiter v. Department of Social Services*, 452 U.S. 18, 25–27, 101 S.Ct. 2153, 2158–60, 68 L.Ed.2d 640 (1981).

18

The rule applies unless the indigent litigant may lose her physical liberty if she loses the litigation. *Id. See Nicholson v. Rushen,* 767 F.2d 1426, 1427 (9th Cir.1985). Here, plaintiff had already lost her physical liberty at the time of the suit in Superior Court. Nevertheless, she attended the proceeding without aid of counsel. While plaintiff Caraballo may have benefited from the assistance of an attorney, such assistance is not a right under the Constitution. We find that the present suit is a backdoor attempt to relitigate issues already determined by the Superior Court. We have no choice but to dismiss the complaint.

Defendant also requests that we award costs and attorney's fees pursuant to Rule 11 of the Federal Rules of Civil Procedure. We find, however, that the circumstances of the case do not warrant the imposition of sanctions under Rule 11.

Wherefore, in view of the foregoing, defendant's motion for summary judgment is granted and the instant action is hereby dismissed. The Clerk shall enter judgment accordingly.

SO ORDERED.