**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 13 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WAYNE S. STILLMAN,

      Plaintiff-Appellant,

v.

JOHN A. DEVITA, II; LELAND P.
ANDERSON,

      Defendants-Appellees.

No. 04-1070
(D.C. No. 04-Z-135 (BNB))
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **HARTZ** , and **BALDOCK** , Circuit Judges, and **BRIMMER** ,** District
Judge.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\*     The Honorable Clarence A. Brimmer, District Judge, United States District
Court for the District of Wyoming, sitting by designation.

At issue in this case is the question of whether the *Rooker-Feldman* doctrine deprived the United States District Court for the District of Colorado of subject matter jurisdiction over Appellant Wayne Stillman's complaint.

In the context of a Colorado dissolution of marriage proceeding, Appellee John A. Devita, II, a Colorado district court magistrate, assessed an award of attorney fees against Mr. Stillman. Mr. Stillman filed a complaint with the federal district court on January 27, 2004, asserting that since he appeared *pro se* in the state dissolution proceeding, an award of attorney fees was improper because the magistrate did not find, as required by Colorado Revised Statutes § 13-17-102(6), that Mr. Stillman "clearly knew or reasonably should have known that his action or defense, or any part thereof, was substantially frivolous, substantially groundless, or substantially vexatious . . . ." [1] Mr. Stillman requested a declaratory judgment that the magistrate's error violated his federal

---

[1] Although the magistrate's order is not included in the record on appeal, we will assume for the purposes of appeal that Mr. Stillman is correct that Colo. Rev. Stat. § 13-17-102(6) requires a specific finding to be made if attorney fees are to be awarded and that the magistrate in his case failed to make that required finding. We note that the Appellees' response brief states that Appellant appealed to the Colorado state appellate court in September 2003, and that his appeal was dismissed for lack of jurisdiction because there had been no review of the magistrate's order in the state district court. Aplee. Br. at 3. Although there is no support for this claim in the record, a complete understanding of the state court procedural history is not needed for our disposition.

constitutional rights of equal protection and due process. [2] The federal district court exercised jurisdiction, dismissed Mr. Stillman's action *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that judges have absolute immunity from suit for their official adjudicative acts, and entered judgment against Mr. Stillman in favor of Appellees.

Mr. Stillman appealed and argues to this court that the district court dismissal was error because, although judges have immunity from damage awards, there is no immunity from the declaratory relief that he requested. The Appellees concede district court error in dismissing the complaint on the ground of judicial immunity, but urge this court to affirm the dismissal on the ground that Mr. Stillman's complaint seeks federal district court appellate review of a state court judgment. We agree with the Appellees that the *Rooker-Feldman* doctrine precludes such review and is applicable in this case.

## DISCUSSION

We have jurisdiction over final decisions of the district court under 28 U.S.C. § 1291. A *sua sponte* dismissal under Rule 12(b)(6) is not reversible error if (1) it is patently obvious that the plaintiff could not prevail on the facts

---

[2] Mr. Stillman stated in his complaint that Appellee Colorado district judge Leland P. Anderson was being sued because he was the supervisor of the magistrate.

alleged, and (2) it would be futile to allow the plaintiff to amend his complaint. *See Curley v. Perry*, 246 F.3d 1278, 1283 (10th Cir. 2001). This court reviews *de novo* a district court's dismissal of a complaint under Fed. R. Civ. P. 12(b)(6). *Chem. Weapons Working Group, Inc. v. United States Dep't of the Army*, 111 F.3d 1485, 1490 (10th Cir. 1997). Here, however, the parties agree that the district court erred in dismissing for failure to state a claim because of judicial immunity. As Appellees assert: "[w]e may affirm the district court's decision 'on any grounds for which there is a record sufficient to permit conclusions of law, even grounds not relied upon by the district court.'" *Boswell v. Skywest Airlines, Inc.*, 361 F.3d 1263, 1266 (10th Cir. 2004) (quoting *Lambertsen v. Utah Dep't of Corr.*, 79 F.3d 1024, 1029 (10th Cir. 1996)). In this case, however, we must rely on the axiom that "the issue of federal court jurisdiction may be raised at any stage of the proceedings either by the parties or by the court on its own motion." *Prairie Band of Potawatomi Indians v. Pierce*, 253 F.3d 1234, 1240 (10th Cir. 2001) (quotation omitted); *accord* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

The *Rooker-Feldman* doctrine is the product of two Supreme Court cases holding that lower federal courts are without subject matter jurisdiction to hear (1) claims actually decided by a state court, *Rooker v. Fidelity Trust Co.*, 263 U.S.

-4-

413, 415-16 (1923), or (2) claims that are "inextricably intertwined" with a state court judgment, *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983). 28 U.S.C. § 1257(a) provides in pertinent part that:

> Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where . . . the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution . . . of the United States, or where any . . . right [or] privilege . . . is . . . claimed under the Constitution . . . of . . . the United States.

This court has recently held that "[t]he *Rooker-Feldman* doctrine is the negative inference of § 1257(a): if appellate review of state court judgments is vested in the United States Supreme Court, it follows that review is *not* vested in lower federal courts." *Crutchfield v. Countrywide Home Loans*, ___ F.3d ___, 2004 WL 2677689 at *2 (10th Cir. Nov. 24, 2004) (No. 03-6311). We further held in *Crutchfield* that:

> By confining state cases to state appellate systems, the *Rooker-Feldman* doctrine preserves the state plaintiff's forum choice. More importantly, it respects the values of federalism implicit in our parallel system of independent state and federal courts, with the United States Supreme Court at the apex of both–a structure established by the first Judiciary Act of 1789 and adhered to ever since.
>
> The *Rooker-Feldman* doctrine prohibits "a party losing in state court from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."

*Id*. at *2-*3 (quoting *Kiowa Indian Tribe v. Hoover*, 150 F.3d 1163, 1169 (10th Cir. 1998)).

In his complaint, Mr. Stillman asked the federal district court for a judgment declaring that the Colorado district court magistrate violated *his* federal constitutional rights by ordering him to pay the opposing party's attorney fees without making the proper statutorily required findings. Complaint at 6. Mr. Stillman now claims that his complaint should be interpreted as seeking only the "prospective relief" of a declaration "that failure to uphold Colo. Rev. Stat. 13-17-102(6) for Stillman and all litigants similarly situated violates the Constitution[,]" that his request for declaratory relief was therefore not "inextricably intertwined" with the state court decision, and that he "does not request the federal court to interfere in any way with the decision of the state court ordering [him to pay] attorney fees or with the enforcement of that decision." Aplt. Reply Br. at 3; *but see generally Crutchfield*, 2004 WL 2677689, at *3 (if a plaintiff's requested remedy would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with that judgment).

The language of the complaint does not support the asserted interpretation. The plain language of the complaint requests a declaration that the Appellees in *this case* erred and, therefore, violated *Mr. Stillman's* constitutional rights. Despite Mr. Stillman's assertion that he "did not claim that the [Appellees] erred

by awarding attorney fees, but that they denied him his constitutional rights[,]" Aplt. Reply Br. at 3, he actually did both. In fact, the assertion that the magistrate erred cannot be separated from the assertion that Mr. Stillman's constitutional rights were violated because the second assertion relies upon the first. Mr. Stillman is not asking the district court to determine that the *law* violates his constitutional rights, but that *this magistrate* violated his constitutional rights by failing to follow the law. This is precisely the type of claim precluded by the *Rooker-Feldman* doctrine. *See Crutchfield*, 2004 WL 2677689, at *3. [3]

Federal constitutional errors will occur in the state courts. Mr. Stillman alleges that such an error occurred in this case. When such errors do occur, our "parallel system of independent state and federal courts, with the United States Supreme Court at the apex of both" is well equipped to properly handle them, *Crutchfield*, 2004 WL 2677689, at *2, and the *Rooker-Feldman* doctrine is equally well equipped to prevent litigants from circumventing that system.

---

[3] The case Mr. Stillman cites as support for his claim of prospective relief, *Centifanti v. Nix*, 865 F.2d 1422 (3d Cir. 1989), has no application to this matter. In *Centifanti*, a suspended attorney challenged the constitutionality of certain procedural Pennsylvania state bar rules regarding petitions for reinstatement and asked for, among other things, an injunction ordering the state supreme court to correct the alleged constitutional defects in the procedural rules for future petitions. *Id*. at 1429-30. Here, Mr. Stillman does not challenge the constitutionality of Colo. Rev. Stat. § 13-17-102(6), but seeks its protection.

Although Appellees urge us to affirm the district court's decision outright, we may not do so in that the district court exercised jurisdiction in dismissing Mr. Stillman's complaint pursuant to Fed. R. Civ. P. 12(b)(6) and ordering judgment. Since the district court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine, we VACATE the district court's orders of dismissal and judgment, and REMAND to the district court with direction that the action be dismissed due to lack of subject matter jurisdiction. All outstanding motions are DENIED.

Entered for the Court

Clarence A. Brimmer
District Judge