# United States Court of Appeals
## For the First Circuit

No. 02-2424

KAREN B. METHENY, ANDREW I METHENY,
DANIEL J. MELANSON and AUDREY MELANSON,

Plaintiffs, Appellants,

RALPH LANG, NANCY LANG, LAWRENCE R. WEIL, MITZI G. WEIL,
JONATHAN L. HELD and ALYSSA L. HELD,

Plaintiffs,

v.

KATHERINE BECKER, CHRISTIAN HABERSAAT, BRUCE SABOT, PETER JOY,
DAVID KEMBEL, and KARIM RAAD, as they are members of the
Boxborough Zoning Board of Appeals, OMNIPOINT HOLDINGS, INC.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Boudin, Chief Judge,
Lynch and Howard, Circuit Judges.

William J. Hunt, with whom Michael B. Newman and Clark, Hunt
& Embry were on brief, for appellants.
Kenneth Ira Spigle for appellees.

December 12, 2003

**HOWARD**, **Circuit Judge**. This is an appeal from the district court's dismissal of a removed state court action in which several residents of the town of Boxborough, Massachusetts, sought to undo a decision of the Boxborough Zoning Board of Appeals. The decision in question occurred in May 2002, when the Board settled a federal lawsuit brought against it by Omnipoint Communications, Inc., by issuing a variance permitting Omnipoint to construct a wireless telecommunications tower on a parcel of land within the town. The complaint underlying this lawsuit, filed against Omnipoint and the individual Board members in the Massachusetts Land Court and styled as an "appeal" of the Board's decision, set forth five counts alleging abuses of discretion under Mass. Gen. Laws ch. 40A, § 17 (2002), the Commonwealth statute permitting judicial review of local zoning board actions. Collectively, the counts alleged that the Board had abused its discretion and thus violated Commonwealth law in failing to follow certain procedures in connection with its decisionmaking, in failing to contest Omnipoint's entitlement to the variance and permit under the federal Telecommunications Act, and in acceding to the entry of a federal judgment that it had violated the Act after initially and properly denying Omnipoint's variance request. Omnipoint removed the case to the district court, explaining in its notice of removal:

> The Land Court action is one over which [the district court] has federal question jurisdiction under

> 28 U.S.C. § 1331, and which may be removed pursuant to 28 U.S.C. § 1441. It arises directly from, and constitutes a collateral challenge to, the Judgment of [the district court] in Civil Action No. 01-cv-12019-WGY, [the previous] civil action brought [by Omnipoint against the Town of Boxborough and the Boxborough Zoning Board of Appeals] pursuant to 47 U.S.C. § 332. Further, the resolution of the challenge to the Land Court case is likely to involve the issuance of writs "necessary or appropriate in aid of [the district court's] jurisdiction" pursuant to 28 U.S.C. § 1651.

Thereafter, Omnipoint secured a merits dismissal under the doctrine of res judicata.

Following oral argument, we asked for supplemental briefing on whether the removal had been improper because of a lack of subject matter jurisdiction. See, e.g., 28 U.S.C. § 1447(c); Caterpillar Inc. v. Lewis, 519 U.S. 61, 69 (1996). Our concern was driven by the fact that the most obvious bases for removal were lacking. That the case might be regarded as an improper attack on a prior federal judgment does not provide grounds for removal. See Rivet v. Regions Bank, 522 U.S. 470, 474-77 (1998). The existence of the consent decree in the prior judgment does not authorize removal under the All Writs Act. See Sygenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 31-34 (2002). The parties are non-diverse. The Telecommunications Act, which provides the ground rules for assessing the lawfulness of the Board's actions and preempts state laws imposing inconsistent requirements, see Brehmer v. Planning Bd., 238 F.3d 117, 120-22 (1st Cir. 2001), contemplates the application of at least some local procedures in zoning decisions

concerning wireless communications towers, see 47 U.S.C. § 332(c)(7)(A), and lacks a federal enforcement mechanism by which plaintiffs may proceed with claims of the type asserted in this action. Thus, there is little reason to believe that, in passing the Act, Congress has so completely preempted plaintiffs' claims that the artful pleading doctrine is called into play (at least on complete preemption grounds -- see generally infra). See, e.g., Beneficial Nat'l Bank v. Anderson, 123 S. Ct. 2058, 2064 (2003); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 65-66 (1987); Avco Corp. v. Int'l Ass'n of Machinists & Aerospace Workers, 390 U.S. 557, 560 (1968); see also TCG N.Y., Inc. v. City of White Plains, 305 F.3d 67, 76 (2d Cir.), cert. denied, 123 S. Ct. 1582 (2002); APT Pittsburgh Ltd. P'ship v. Penn Township, 196 F.3d 469, 478-79 (3d Cir. 1999). Finally, at least on its face, the complaint sounded only in Commonwealth law.

We say "on its face" because, in its supplemental brief, Omnipoint argues that two of plaintiffs' claims -- a claim alleging that Omnipoint had failed to bring before the Board sufficient evidence that there was a significant gap in its own coverage within the geographical area in question (claim 1) and a claim that Omnipoint also had failed to prove that no other carrier was servicing the area (claim 2) -- actually raise questions about the meaning of the Act and thus "arise under" federal law pursuant to 28 U.S.C. § 1331. See Almond v. Capital Props., Inc., 212 F.3d 20,

-4-

23-24 (1st Cir. 2000) (elaborating the "unclear" and "controversial" doctrine sometimes called "federal ingredient" jurisdiction and often associated with Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 201-02 (1921)); see also Penobscot Nation v. Georgia-Pacific Corp., 254 F.3d 317, 321 (1st Cir. 2001) (similar).[1] This doctrine, which remains vibrant in this circuit but "should be applied with caution," Almond, 212 F.3d at 23, permits removal of a well pleaded claim sounding in state law which "necessarily 'requires resolution of a substantial question of federal law.'" Id. (quoting Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 13 (1983)). Omnipoint contends that there is federal ingredient jurisdiction because addressing the merits of the two claims described above necessarily would entail determinations about the scope of the Act.

We think that this is too much of a stretch to support removal. If we were to regard as a "substantial question of federal law" within the meaning of Franchise Tax Board the question implicated by plaintiffs' first claim -- whether Omnipoint's evidentiary showing was sufficient to meet standards supplied by established federal law -- it is difficult to see how any issue of federal law implicated by a state law claim could fail to support federal ingredient jurisdiction. And yet, as set forth above, our

_____

[1]In their supplemental brief, plaintiffs argued that removal was improper because of an absence of subject matter jurisdiction.

-5-

precedent tells us that the doctrine is not to be applied expansively.  See id.

In our view, the only claim that even arguably brings a "substantial" issue of federal law into play is the second one, which alleges that Omnipoint failed to establish before the Board that other carriers also had a coverage gap in the geographical area in question.  This claim appears to implicate the question whether a provider with a coverage gap can obtain relief under the Act's "effective prohibition" provision, see 47 U.S.C. § 332(c)(7)(B)(i)(II) (2000), where another carrier provides some coverage in the same area.[2]  But removal on the basis of this claim fails because it does not appear that resolution of the claim "necessarily" requires resolution of the federal issue (which we shall assume dubitante to be "substantial").  Under Massachusetts law, "[t]he decision of the [B]oard cannot be disturbed unless it is based on a legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary."  Roberts v. Southwestern Bell Mobile Systems, Inc., 709 N.E.2d 798, 804 (Mass. 1999) (citation and internal quotation marks omitted).  This deferential standard calls into serious question the premise of plaintiffs' claim: that

---

[2]This question was an open one at the time plaintiffs filed their complaint, but we have since concluded that a provider is not precluded from obtaining relief under the Act simply because some other provider services the gap in question.  See Second Generation Properties, Inc. v. Town of Pelham, 313 F.3d 620, 632-35 (1st Cir. 2002).

a finding of an abuse of discretion under state law necessarily would follow from a determination that the Board misapprehended the requirements of the federal statute.  Certainly, we can imagine the state courts concluding that the issuance of the variance was within the Board's discretion, especially in light of possible uncertainties as to federal law.

In this case, it appears that Omnipoint may have removed (and plaintiffs may have failed to contest removal) on the basis of a dictum in our Brehmer decision that can be read to support the view that, without more, the potentially preemptive effect of the Act on state law claims seeking to undo a federal consent judgment is sufficient to support removal.  See 238 F.3d at 119.[3]  But the dictum was immediately followed by a citation to City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 164 (1997) -- a case involving federal ingredient jurisdiction.  Thus, read in context, the dictum appears to stand for a more case-specific proposition than the parties may have inferred: namely, that resolution of the Brehmer plaintiffs' multifarious state law claims, see 238 F.3d at 119 (summarizing those claims), necessarily entailed resolution of the as-of-then unresolved and important question whether the Act displaces inconsistent state law.  In any event, Brehmer should not

_____

[3]The statement in question was unnecessary to the finding of subject matter jurisdiction because the plaintiffs in Brehmer also asserted federal statutory claims that rendered removal unquestionably appropriate.  See id.

-7-

be read to support removal _whenever_ a state law claim might be preempted under the Act or call into question a prior federal judgment. As set forth above, settled Supreme Court precedent precludes such a construction.

In closing, we note that Omnipoint's ability to have a federal court rule on the preclusive effect of its prior federal judgment is not necessarily limited to the (remote) possibility of Supreme Court review of the state court's disposition. "[U]nder the relitigation exception to the Anti-Injunction Act, 28 U.S.C. § 2283, a federal court may enjoin state-court proceedings 'where necessary . . . to protect or effectuate its judgment.'" _Rivet_, 522 U.S. at 478 n.3 (quoting the statute). Of course, the plaintiffs were not parties to the earlier judgment. Nevertheless, although we do not wish to decide the matter without briefing and argument, we see no obvious reason why abutting landowners who fail to intervene in a federal action brought under the Act, _cf._ _Brehmer_, 238 F.3d at 119 n.2 & 122 (suggesting that interested abutters might be able to intervene), should not be able to be joined as parties under Fed. R. Civ. P. 19(a)(2).

For the reasons set forth above, we _vacate_ the district court's judgment and _remand_ with instructions that the district court remand this matter to state court. _See_ 28 U.S.C. § 1447(c).

_So ordered_.

-8-