**ORIENTAL BANK & TRUST, Plaintiff**

v.

**Pablo PARDO–GONZALEZ, Defendant.**

Civil No. 05–2329(ADC).

United States District Court, D. Puerto Rico.

Aug. 27, 2007.

Enrique R. Padro, Pedro J. Manzano–Yates, Fiddler, Gonzalez & Rodriguez, San Juan, PR, for Plaintiff.

Pablo Pardo–Gonzalez, Trujillo Alto, PR, pro se.

Rebecca Viera–Trenche, Carolina, PR, for Defendant.

## *OPINION AND ORDER*

AIDA M. DELGADO–COLON, District Judge.

Before the Court is the Magistrate–Judge's Report and Recommendation, issued on July 20, 2007; to have defendant Pablo Pardo–González and his spouse "From Further relitigating his claims at state or Federal level against Oriental Bank & Trust (hereby 'Oriental') for violation of any and all pendent state claims related to his dismissal from employment" **(Docket No. 33,** p. 17–18). The parties were given ten (10) days to file objections to the Report and Recommendation and placed on notice that failure to file said objections within the specified time constituted waiver of the right to appeal or seek review from said order. (*Id.* P.18).

The record reflects that objections were due on August 6, 2007. To this date, no objections have been filed.

Having reviewed the pleadings on file, specifically Oriental's unopposed motion for summary judgment **(Docket Nos. 12, 21–22),** the procedural and factual background of the case and the analysis made by the Magistrate–Judge of all issues

raised, the Court adopts the Report and Recommendation (**Docket No. 33**).

**SO ORDERED.**

## REPORT AND RECOMMENDATION

CAMILLE L. VELEZ RIVE, United States Magistrate Judge.

### INTRODUCTION

Plaintiff Oriental Bank & Trust ("Oriental") filed a federal claim against defendant Pablo Pardo González and his spouse ("defendant Pardo González") seeking a permanent injunction under Title 28, *United States Code*, Section 2283, to protect and effectuate a final judgment by this District Court in a prior federal case under Civil No. 04–1788(RLA).[1] (Docket No. 1).

In essence, defendant Pardo González filed with the Court of First Instance, Carolina Part, Case No. FPE2005–0552 (401), which relitigates the same issues which were finally adjudicated in Civil No. 04–1788(RLA). Thus, plaintiff Oriental seeks in the instant case by way of a motion under Rule 56 of the Fed.R.Civ.P. that summary judgment be issued granting the request for injunctive relief for there being no genuine issues of material facts in controversy and for being entitled to judgment as a matter of law. Defendant Pardo González has failed to submit an opposition to plaintiff Oriental's request for summary disposition, notwithstanding an order from the court to respond and warnings as to his failure to prosecute. (Docket Nos. 12, 21, 22).

On April 16, 2007, the Court referred the motion for summary judgment to this Magistrate Judge for report and recommendation (Docket Nos. 23, 24). Said motion was deemed finally submitted upon denial of the motion to stay because of defendant Pardo González' bankruptcy filing which was lifted. (Docket No. 26, 32).

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." *Vega–Rodríguez v. Puerto Rico Tel. Co.,* 110 F.3d 174, 178 (1st Cir.1997). After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." *Cortés–Irizarry v. Corporación Insular,* 111 F.3d 184, 187 (1st Cir.1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id.* Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id.*

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." *Maldonado–Denis v. Castillo–Rodríguez,* 23 F.3d 576, 581 (1st

---

1. Pardo González had filed a claim against Oriental for employment termination in violation of Americans with Disabilities Act ("ADA") which was dismissed with prejudice by amended final judgment.

Cir.1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood. . . ." *Greenburg v. Puerto Rico Mar. Shipping Auth.,* 835 F.2d 932, 936 (1st Cir.1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." *Cadle Co. v. Hayes,* 116 F.3d 957, 960 (1st Cir.1997).

Finally, when considering this motion, unsettled issues of motive and intent as to the conduct of any party will normally preclude the Court from granting summary judgment. *Mulero–Rodríguez v. Ponte, Inc.,* 98 F.3d 670, 677 (1st Cir.1996) (reversing summary judgment and emphasizing that "determinations of motive and intent . . . are questions better suited for the jury") (internal quotation marks omitted) (citation omitted); *see also Tew v. Chase Manhattan Bank, N.A.,* 728 F.Supp. 1551, 1555 (S.D.Fla.1990) ("Certain issues such as fraud, intent, and knowledge lend themselves to trial, rather than summary judgment. These matters can often only be proved by reliance upon circumstantial evidence except in the rare case where there is uncontroverted proof of a 'smoking gun.' "). However, "even in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences [or] unsupported speculation." *Ayala–Gerena v. Bristol Myers–Squibb Co.,* 95 F.3d 86, 95 (1st Cir.1996).

### UNCONTESTED FACTS

There are no genuine issue of material facts in controversy as to the issues presented by plaintiff Oriental.

1. Oriental is a banking institution which provides a range of banking-financial services in Puerto Rico. *Plaintiff's Exhibits I, Complaint, ¶ 1.1; Exhibit II, Answer to the Complaint ¶ 1.*

2. On August 6, 2001, defendant Pardo González was terminated from his employment with Oriental. *Exhibit I ¶ 3.1; Exhibit II ¶ 3.*

3. On May 30, 2002, Pardo González filed discrimination charges against Oriental with the Puerto Rico Antidiscrimination Unit ("ADU") and the Equal Employment Opportunity Commission ("EEOC") alleging discrimination in dismissal because of alleged obesity in violation of the ADA. *Exhibit I, ¶ 3.1; Exhibit III, ADU and EEOC complaints dated 5–30–2004.*

4. On August 3, 2003, the EEOC issued a notice of Right to Sue Letter as to Pardo González' complaint. *Exhibit I, ¶ 3.1; Exhibit II, ¶ 3; Exhibit IV, EEOC Right to Sue Letter.*

5. On November 3, 2003, Pardo González and his spouse filed a federal civil action against Oriental under Civil No. 03–2184(SEC) claiming violation under ADA and unjustified dismissal under state law. *Exhibit I, ¶ 3.2; Exhibit II, ¶ 3; Exhibit V, Complaint No. 03–2184(SEC).*

6. On March 2, 2004, Pardo González and his spouse sought an extension of time to serve summons on Oriental in Civil No. 03–2184(SEC) because, when seeking relief under Chapter 13, Bankruptcy Code on April 24, 2002, they failed to include their federal complaint in their Statement of Financial Affairs. *Exhibit I ¶ 3.2; Exhibit 1I, ¶ 3; Exhibit VI, Motion for Extension of Time by Pardo González in Civil No. 03–2184, (Docket No. 2).*

7. On April 14, 2003, the Court ordered Pardo González, in Civil No. 03–2184(SEC), to show cause why the com-

plaint should not be dismissed under the doctrine of judicial estoppel, which applies when a debtor in bankruptcy fails to disclose any claim that may be presented in a non-bankruptcy contest. *Exhibit I, ¶ 3.3; Exhibit II ¶ 3;* Exhibit VII, *Court Order of 4–14–2004, Civil No. 03–2184 (Docket No. 4).*

8. Pardo González did not comply with the order to show cause and judgment was entered on May 13, 2004, dismissing the complaint in Civil No. 03–2184(SEC), without prejudice. *Exhibit VIII, Judgment dated 5–13–2004.*

9. Pardo González and his spouse filed a complaint in the Court of First Instance Court of the Commonwealth of Puerto Rico, Carolina Part, Case No. F PE2003–0782 (402) alleging the same facts set forth in Civil No. 03–2184(SEC). *Exhibit IX, Complaint Case No. F PE200300783(402).*

10. On November 23, 2004, Oriental filed a Motion to Dismiss for Lack of Jurisdiction in Case No. F PE2003–0782 (402) and Pardo González moved for voluntary dismissal to pursue his claims in federal court. The Carolina Court entered judgment dismissing the complaint, without prejudice, although Oriental sought it be dismissed with prejudice. *Exhibit X; Exhibit XI, Pardo González' Motion for Voluntary Dismissal; Exhibit XI, Oriental's Motion to Dismiss with Prejudice; Exhibit XIII, Carolina Court Order Dismissing without Prejudice.*

11. On August 3, 2004, Pardo González and his spouse filed a third civil action against Oriental in federal court under Civil No. 04–1788(RLA) which was identical to the first federal complaint in Civil No. 03–2184(SEC) which had been dismissed. The new federal complaint contained the same factual and legal allegations of defendant Pardo González' previous two (2) complaints. *Exhibit I, ¶ 3.5; Exhibit II ¶ 3; Exhibit XIV, Complaint Civil No. 04–1788(RLA) (Docket No. 1).*

12. Oriental moved to dismiss Civil No. 04–1788(RLA) under Fed.R.Civ.P. 12(b)(6) for the ADA claim being time-barred on grounds that Pardo González had failed to file the complaint within the ninety (90) days upon receipt of the EEOC authorization or right-to-sue letter as required under Title VII. The prior filing under Civil No. 03–2184(SEC), which was dismissed without prejudice, had not tolled the ninety (90) day filing requirement. Pardo González admitted said assertion in his Answer to the Complaint herein. *Exhibit I, ¶ 3.6; Exhibit II, ¶ 3; Exhibit XV, Oriental's Motion to Dismiss in Civil No. 04–1788(RLA) (Docket No. 12).*

13. Pardo González and his spouse once more requested voluntary dismissal in Civil No. 04–1788(RLA) when faced with Oriental's Motion to Dismiss, alleging they would pursue their claims before state courts, contrary to the previous state court averments in Case No F PE2003–0782(402) that they were going to pursue their claims in federal court. Pardo González admitted this in the Answer to the Complaint herein. *Exhibit I, ¶ 3.7; Exhibit II, ¶ 3; Exhibit XVI, Pardo González' Motion for Voluntary Dismissal in Civil No. 04–1788(RLA), Docket No. 15.*

14. Oriental presented no objection to Pardo González' request for voluntary dismissal, stipulating to its content, with each party to bear its own costs and legal fees. However, Oriental requested dismissal be with prejudice in light of the chronological reality of the litigation of these claims. *Exhibit I, ¶ 3.8; Exhibit II, ¶ 3; Exhibit XVII, Oriental's Response to Pardo's Motion for Voluntary Dismissal, Civil No. 04–1788(RLA), Docket No. 16.*

15. On May 5, 2005, the Court entered Judgment in Civil No. 04–1788(RLA) granting Pardo González' Motion for Vol-

untary Dismissal and granting defendant Oriental's Motion for Dismissal to be with Prejudice. Thus, the Court dismissed with prejudice Pardo González' claims under ADA and the remainder local claims (Law No. 80, Law No. 44 and Law No. 100 of the Commonwealth of Puerto Rico) were dismissed without prejudice. Pardo González has admitted to this assertion in his Answer to the Complaint herein. *Exhibit I, ¶ 3.9; Exhibit II, ¶ 3; Exhibit XVIII, Judgment dated 5–5–2005 in Civil No. 04–1788(RLA), Docket No. 17.*

16. Oriental filed a motion for reconsideration of the judgment in Civil No. 04–1744(RLA) so as to dismiss with prejudice the entire complaint, including the state pendent claims, since it was not the first time Pardo González' claims had been dismissed or had moved for voluntary dismissal, which had become a common practice. Pardo admitted this averment in the Answer to the Complaint. *Exhibit I, ¶ 3.10; Exhibit 1I, ¶ 3; Exhibit XIX, Oriental's Motion for Reconsideration, Civil No. 04–1788(RLA), Docket No. 18.*

17. On May 9, 2005, the Court granted Oriental's Motion for Reconsideration and entered Amended Judgment dismissing all the claims in Civil No. 04–1788(RLA) with prejudice, to include federal and state claims. Pardo has admitted to this assertion in the Answer to the Complaint. *Exhibit I, ¶ 3.11; Exhibit II, ¶ 3; Exhibit XX, Amended Judgment dated 5–9–2005, Civil No. 04–1788(RLA), Docket No. 19.*

18. On September 1, 2005, the Court denied Pardo González' Motion for Reconsideration in Civil No. 04–1788(RLA). Pardo González did not appeal the decision. Pardo González has admitted this assertion in the Answer to the Complaint. *Exhibit I, ¶ 3.12; Exhibit 1I, ¶ 3; Exhibit XXI, Pardo's Motion for Reconsideration;*

*Exhibit XXI, I Oriental's Opposition; Exhibit XXIII, Order of the Court in Civil No. 04–1788(RLA).*

19. On June 7, 2005, Pardo González filed a fourth complaint against defendant Oriental in the Court of First Instance of the Commonwealth of Puerto Rico, Carolina Part, Case No. F PE2005–0552(401), with the same factual and legal allegations of the three (3) previous complaints which had been dismissed with prejudice by the Court. Pardo González admitted this assertion in the Answer to the Complaint. *Exhibit I, ¶ 3.13; Exhibit II, ¶ 3; Exhibit XXIV, Complaint in Case No. F PE2005–0552(401).*

On the above undisputed and unopposed findings of facts, Oriental seeks summary disposition as to Pardo González in that the procedural history of his repetitive litigation against Oriental, both in state and federal courts, and his attempt to relitigate in state court federally adjudicated federal claims entitles Oriental for an injunction against defendant Pardo González and his spouse to enjoin them from continuous litigation of previously adjudicated claims and for a stay of the proceedings being conducted at this juncture by Pardo González and his spouse in state courts for a fourth time against Oriental under Case No. F PE2005–0552(401). We now discuss the applicable law, consonant with Oriental's position.

## LEGAL DISCUSSION

### A. Introduction.

 A United States Court may grant an injunction to stay proceedings in state court if such action is expressly authorized by an Act of Congress or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments. Title 28, *United*

*States Code,* Section 2283.[2] The All Writs Act authorizes the United States Supreme Court and all courts established by Congress to issue any writs necessary and appropriate in aid of their respective jurisdiction. Title 28, *United States Code Ann.,* Section 1651. However, the provisions are deeply rooted in constitutional principles, for which the Act was designed to prevent friction between federal and state courts by barring federal intervention in all but the narrowest of circumstances. As such, any doubts as to the propriety of a federal injunction against state court proceedings will be resolved in favor of permitting the state courts to proceed, which means that an injunction will only be upheld on "a strong and unequivocal showing" that such relief is necessary. *Atlantic Coast Line R.R. Co. v. Brotherhood of Locomotive Eng'rs,* 398 U.S. 281, 287, 90 S.Ct. 1739, 26 L.Ed.2d 234 (1970).[3]

In support for Oriental's summary judgment motion, it submits that the All Writs Act grants courts the power to issue injunctions in situations where the parties attempt re-litigation in State courts of federally adjudicated claims. *See Fauci v. Hannon,* 275 F.2d 234 (1st Cir.1960); *see also Browning Debenture Holders' Committee v. DASA Corp.,* 605 F.2d 35 (2d Cir.1978). In the instant case, there being no genuine controversy of facts that there is a valid final federal judgment as to the same parties and on the same issues now submitted to state court, this Court would be vested with the authority to issue a re-litigation injunction, if otherwise appropriate. Oriental further submits, in view of Pardo González' repeated institutions of lawsuits in state and federal courts seeking the same relief, courts have also the power to grant injunctions in situations involving vexatious litigation. Since the judgment issued by this federal court in Civil No. 04–1788(RLA) is final and unappealable (wherein all claims by Pardo González and his spouse, federal and state, were dismissed with prejudice), the filing of yet another state lawsuit in the courts of the Commonwealth of Puerto Rico under the same set of facts, claims and parties, is contrary to this Court's final judgment, as well as harassing and detrimental to Oriental when facing a fourth complaint by Pardo González.[4] Additionally, one must notice that Pardo González and his spouse have not addressed, objected or refuted the facts nor the arguments raised by Oriental seeking injunctive relief in the instant case.

## B. Re-litigation Doctrine and the Anti–Injunction Act.

 The record clearly shows that the claims filed by Pardo González and his spouse against Oriental for federal and pendent state law claims were dismissed with prejudice in Civil No. 04–1788(RLA).

---

**2.** The All Writs Act provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court **except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.**" Section 2283 (emphasis supplied).

**3.** To preserve the delicate lines of demarcation between the state and federal systems set out in the Anti–Injunction Act, the Supreme Court has strictly followed the Act's language.

As the Court stated in *Amalgamated Clothing Workers of America v. Richman Bros.,* 348 U.S. 511, 515–16, 75 S.Ct. 452, 455, 99 L.Ed. 600 (1955): "This is not a statute conveying a broad general policy for appropriate *ad hoc* application. Legislative policy is here expressed in a clear-cut prohibition qualified only by specifically defined exceptions."

**4.** Case No. F PE2005–0552(401) filed in the First Instance Court of Carolina captioned *Pablo Pardo González v. Oriental Bank & Trust.*

The belated reconsideration therein requested was denied. Pardo González did not file an appeal from said judgment, which has become final and unappealable. Thus, "[u]nder the relitigation exception to the Anti–Injunction Act, 28 U.S.C. § 2283, a federal court may enjoin state-court proceedings 'where necessary . . . to protect or effectuate its judgment.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 478 n. 3, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (quoting the statute). *See Metheny v. Becker*, 352 F.3d 458 (1st Cir.2003). The Anti–Injunction Act's re-litigation exception eradicates the need to assert prior adjudication defenses in state court when faced with claims that have already been determined in federal court and such would be the situation at bar. *Smith v. Woosley*, 399 F.3d 428 (2d Cir.2005).

An essential prerequisite for applying the re-litigation exception is that the claims or issues which the federal injunction [would] insulate[ ] from litigation in state proceedings actually have been decided by the federal court. *See Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146, 108 S.Ct. 1684, 100 L.Ed.2d 127 (1988) and *Atlantic Coast Line Railroad Co.*, 398 U.S. at 289–90, 90 S.Ct. 1739.[5]

Under the above cited criteria, there is no genuine controversy of facts that this federal court has issued a final and unappealable judgment against Pardo González and his spouse dismissing all causes of

---

5. In *Chick Kam Choo* a Singapore repairman was accidentally killed while doing repair work on an Exxon Corporation ("Exxon") oil tanker, and the repairman's widow filed a lawsuit against Exxon in the United States District Court for the Southern District of Texas. Applying federal law, and after Exxon agreed to submit to the jurisdiction of Singapore courts, the district court granted the corporation's *forum non conveniens* motion and dismissed the action. *Id.* at 143. The repairman's widow filed a second lawsuit, not in a Singapore court, but in Texas state court. *Id.* at 144. The district court, which thought its *forum non conveniens* dismissal under federal law had effectively sent the lawsuit to Singapore, enjoined the repairman's widow from "prosecuting or commencing any causes of action or claims against [Exxon] in the courts of the State of Texas or any other state . . . arising out of or related to the alleged wrongful death of [her husband]." *Id.* The Supreme Court invalidated the injunction in *Chick Kam Choo* indicating the district court had never decided whether the Texas state courts were appropriate forum under state law and the injunction issued by the federal court foreclosing consideration of the issue was not tailored to protect anything already decided, thus was outside the Anti–Injunction Act's re-litigation exception.

In *Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers* a United States District Court denied a railroad's application for an injunction against union picket-

ing based on the Norris LaGuardia Act, 29 U.S.C. § 101 *et seq.*, which imposes limitations on when a federal court may issue injunctions in labor disputes. 398 U.S. at 289–90, 90 S.Ct. 1739, 26 L.Ed.2d 234. The railroad filed a second, similar lawsuit in Florida state court, where it again requested and was granted an injunction under state law barring union picketers. *Id.* at 283–84. Believing that the state order's implementation would contradict its earlier denial of a picketing injunction, the district court enjoined the railroad from invoking the state order to stop union picketers. *Id.* at 284. The Supreme Court in *Atlantic* vacated the district court's injunction, explaining that even though the district court had refused to issue an injunction using federal standards, its decision had not considered state standards or whether federal standards precluded state regulation of picketing. *Id.* at 290. This last point was critical to the Court's decision. Had the district court determined that federal law precluded state regulation of picketing, the Court explained, the Anti–Injunction Act's re-litigation exception would have certainly applied. *Id.* at 290.

Defendants' unsuccessful invocations of the Anti–Injunction Act relitigation exception in *Chick Kam Poo* and *Atlantic Coast Line Railroad Co.*, respectively, show that a district court must have clearly decided the issue to be enjoined in order for the Anti–Injunction Act's relitigation exception to apply.

action, with prejudice, in relation to the pleaded allegations as to federal and pendant state law claims in regard to his dismissal from employment with Oriental. Although there has not been an adjudication on the merits in the sense of a weighing of facts, it is a fact that a dismissal with prejudice is deemed an adjudication on the merits for the purposes of *res judicata*, since such a dismissal is tantamount to a judgment on the merits. A final judgment does not lose its *res judicata* effect simply because another court might consider the decision erroneous. *See Medina v. Chase Manhattan Bank, N.A.*, 737 F.2d 140 (1st Cir.1984).

In analyzing the effect of a dismissal by a state court in the Commonwealth of Puerto Rico, it has been determined that under state Rule 39.1(a) a dismissal is with prejudice if the plaintiff has previously dismissed the same action. This is because the defendant and the courts are harmed if a plaintiff is permitted to file and dismiss a series of identical lawsuits. *Cf.* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2368 (1971) (explaining similar provision in Fed.R.Civ.P. 41(a)(1)). Rule 39.1(b) requires court approval of all voluntary dismissals not covered by Rule 39.1(a).

In *De La Matta v. Carreras*, 92 P.R.R. 83, 90–91, 1965 WL 14331 (1965), the Puerto Rico Supreme Court stated, "[i]t would not be logical to assume that plaintiff's right of dismissal is always without prejudice.... [I]n this case, plaintiff's right of dismissal is not absolute.... [T]he unanimous view of other courts and textbook writers is that the allowance of a motion to dismiss under federal Rule 41(a)(2), 39.1(b) ours, is not a matter of absolute right of plaintiff; that it is discretionary with the court upon such terms and conditions as the court deems proper. This being so, it is not difficult to conclude that the condi-tion that the dismissal be with prejudice, may be one of the conditions imposed by judicial discretion."

In Civil No. 04–1788(RLA), the Court therein decided the dismissal of all federal and state claims was *with prejudice* taking into account that if Pardo González and his spouse were allowed to start again, and in accordance with their former conduct, they would continuously file and seek dismissal prejudicing Oriental. Pardo González failed to timely appeal such decision.

Finally, the federal doctrine of *res judicata*, or claim preclusion, bars a subsequent action whenever three (3) criteria are met: 1) there is a final judgment on the merits in an earlier action; 2) "sufficient identity" exists between the parties in the earlier and later suits, and 3) "sufficient identity" exists between the causes of action in the two suits. *See Porn v. National Grange Mut. Ins. Co.*, 93 F.3d 31, 34 (1st Cir.1996); *Kale v. Combined Ins. Co. of America*, 924 F.2d 1161, 1165 (1st Cir.1991).

The aforementioned criteria applies fully to claims raised between Pardo González and his spouse against Oriental as explained above.

## C. Injunctive Relief.

Still, the fact that an injunction may be issued under the Anti–Injunction Act does not necessarily mean that it must be issued. The injunction should be considered a proper exercise of the equitable power of the court. We are thus forced to analyze, whether the elements for the issuance of an injunction are met, that is, movant has been able to establish 1) actual success on the merits; 2) threat of irreparable harm to the movant if the injunction is not granted; 3) the state of balance between this harm and the injury that granting the injunction will inflict on the non-movant;

and 4) the public interest that would be affected by the injunction.

■ A careful consideration of above criteria clearly establishes that Oriental has been able to establish an actual success on the merits of its claim since it is undisputed an adjudication of Pardo González' causes of action is now final and unappealable.

The record also shows there is a threat of irreparable harm to Oriental if the injunction is not granted because it would implicate the wasteful expense of re-litigating an issue which was already ruled upon by this Court. Our finding that the litigation in Puerto Rico court concerns an issue we have already decided is sufficient to demonstrate the harm of continuing the state litigation. *See Ballenger v. Mobil Oil Corp.*, 138 Fed.Appx. 615, 622 (5th Cir.2005) ("[N]o independent demonstration of irreparable harm . . . is necessary to win an injunction under the relitigation exception to the Anti–Injunction Act."); *In re Dublin Securities, Inc.*, 133 F.3d 377, 380 (6th Cir.1997) ( "[T]he potential irreparable harm to the defendants from the failure to issue an injunction is obvious. The purported state court defendants, agents of the . . . defendants in federal court, are forced to defend in yet another forum the identical claims that were asserted against their principals successfully."); *In re SDDS, Inc.*, 97 F.3d 1030, 1041 (8th Cir.1996) ("Requiring [defendant] to relitigate in the state court issues previously decided by this Court constitutes an irreparable harm.").

Although the economic disparity between the parties and presumption that it has failed to pay Pardo González the corresponding "mesada" under Law No. 80, parade against the equitable concession of relief requested by Oriental, Pardo González has likely failed to juggle the equities properly. It was Pardo González who choose this federal forum to argue his claims for relief and then choose not to appeal the court's final judgment in Civil No. 04–1788(RLA). While represented by the same counsel, Pardo González has further chosen herein not to oppose Oriental's motion for summary disposition. As such, Pardo González has willingly ignored the fair game rules in this federal action. Equities between the parties have been duly counter-balanced.

Oriental has also submitted undisputed evidence to show the balance between the harm of granting the relief and the injury that granting the injunction will inflict on the non-movant Pardo González. An injunction barring the latter from instituting any further lawsuits concerning the issues already filed in numerous lawsuits would run attune with the procedural history and harassing conduct followed by said party of not finalizing his claims in either forums. In addition, the attempt to stay proceedings herein because of a bankruptcy filing was fruitless since, notwithstanding his submission of a pending bankruptcy proceedings, the Court determined the bankruptcy stay had been lifted and denied the requested stay. (Docket Nos. 26, 31, 32). Thus, Pardo González can hardly establish he has been deprived of any due process rights or access to court in presenting his numerous similar claims. *Arecibo Radio Corp. v. Commonwealth*, 825 F.2d 589 (1st Cir.1987).

Finally, the public interest gears towards consideration of a more highly valued policy in the instant case, which evolves in the court's interest in preserving and protecting its authority in the finality of its judgment, without the parties being allowed to play ping-pong with the state and federal forums when the score board numbers are not luminescent in their favor. Issue preclusion or collateral estoppel, with the corresponding re-litiga-

tion bar, hinders a party from litigating anew any factual or legal issue that was actually decided in a previous litigation between the parties. *Chick Kam Choo,* 486 U.S. at 147, 108 S.Ct. 1684.

The issue sought to be precluded by Oriental is the same as the one involved in the prior federal action which was litigated or determined on the merits. Further, it has been determined by a valid, binding and final judgment and the determination of the issue is essential to the judgment. Accordingly, Pardo González and his spouse should be precluded from filing a new state action against Oriental on the same factual scenario and legal contention and, thus, barred from the state action they submitted under Case No. F PE2005–0552 (401). *See Keystone Shipping Co. v. New England Power Co.,* 109 F.3d 46, 51 (1st Cir.1997).

### CONCLUSION

In view of the foregoing, this Magistrate Judge finds plaintiff Oriental is entitled under the procedural history of the cases before this forum to summary judgment enjoining Pardo González and his spouse from relitigating their claims at state or federal level against Oriental for violations of any and all pendent state claims related to his dismissal from employment. Accordingly, it is recommended that Oriental's Motion for Summary Judgment be **GRANTED.**

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. *Henley Drilling Co. v. McGee,* 36 F.3d 143, 150–151 (1st Cir.1994); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986). *See Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985, 991 (1st Cir.1988) ("Systemic efficien-

cies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

July 20, 2007.